**SO ORDERED.**

**SIGNED this 12 day of January, 2007.**



_____
**ROBERT E. NUGENT**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DAVID MARSHALL DOUGLAS, | ) | Case No. 05-12373 |
| | ) | **Chapter 7** |
| Debtor. | ) | |
| | ) | |
| NANCY EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 05-5575 |
| | ) | |
| DAVID MARSHALL DOUGLAS, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Plaintiff Nancy Evans seeks to except from debtor's discharge her claims against him arising out of a construction project undertaken by debtor at her home. Plaintiff relies on 11 U.S.C. §

1

523(a)(2)(A), the "actual fraud" exception to discharge.[1]  Plaintiff Nancy Evans appeared by Richard Blackwell and defendant David Douglas appeared by Larry Livengood.  The matter was tried on October 19, 2006 and, after reviewing the evidence, the Court is ready to rule.

Jurisdiction

The Court has jurisdiction over this core proceeding under 28 U.S.C. § 157(b)(2)(I) and § 1334(b).

Facts

David Douglas ran a sole proprietorship contracting company.  In December of 2000, he contracted to construct an addition to Evans' home for $19,540.  The project included erecting, roofing, and finishing the interior of an addition to Evans' home to accommodate her disability.  Evans paid Douglas about $18,000 over the life of the project, but was unhappy with the quality and pace of the work.  Their relationship soured when Evans contacted the Salina city authorities to determine whether Douglas had insurance and learned that he did not.  Evans testified that her principal complaint was that the work was done poorly and defectively.  She testified that she hired a plumber to finish some of the work and paid him $2,292.85.  She did not point to any statement or series of false statements that she alleges Douglas knowingly made and upon which she relied.  Douglas did not appear at trial.[2]

---

[1] The bankruptcy case in which this adversary proceeding is filed was commenced prior to October 17, 2005.  Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. §101, et seq. as it was in force prior to that date.

[2] The Court granted a continuance of the first trial setting, August 15, 2006, because plaintiff's counsel was set for trial in another court.  The matter was rescheduled for September 19, 2006, a stacking docket (Dkt. 23, 25).  On September 19, Douglas sought a continuance because of his significant other's hospitalization (Dkt. 28).  The Court passed the matter again, this time to October 17, 2006 (Dkt. 30).  When the case was called on October 17, Douglas'

2

Evans sued Douglas in the District Court of Saline County, Kansas.[3] Her initial petition recited only a claim for monetary damages for breach of contract. It appears that she attempted to amend her petition to state a claim for conversion and fraud, but this Court has received nothing that would indicate either that the amendment was granted or even that a judgment was ever entered in favor of Evans. At no time did the state court determine that fraud had been committed. All that the Saline County court issued was an "order" for immediate delivery.[4] Curiously, Evans has pursued a number of post-judgment hearings in aid of execution and has sought to garnish Douglas' earnings, apparently in an attempt to enforce the "order" for immediate delivery that Evans obtained.[5] That order required Douglas to turn over the materials and cash he had obtained from her.

---

counsel announced that Douglas had left the courthouse due to an adverse reaction to medication. Evans and her counsel were present and ready to proceed. The Court adjourned the hearing to October 19 and directed that the matter be tried that day unless Douglas produced medical evidence. On October 19, 2006, counsel advised that Douglas was too ill to proceed on the new trial date, but did not produce a physician's letter or any other medical evidence concerning Douglas' condition. Evans requested judgment by default, but, in light of the previous settings, the Court proceeded to trial on that day.

[3] The complete Saline County District Court file of Evans' suit against Douglas (Case No. 01CVC86) was admitted into evidence.

[4] Contemporaneous with the petition, Evans filed a pleading titled "Motion for Immediate Return of Cash and Delivery of Property," which sought the return of $14,000 that Douglas had allegedly promised to return and materials Douglas had purchased with Evans' money. Douglas failed to appear at the hearing on that motion and it was granted.

[5] This Court is dubious that post-judgment collection actions under parts 7 and 24 of Chapter 60, KAN. STAT. ANN, are available pre-judgment to enforce a delivery order except where the stringent procedures attending pre-judgment attachments are followed. *See* KAN. STAT. ANN. § 60-701 *et seq.* and § 60-730 (2005). Having briefly reviewed what the parties represented was a copy of the state court's file, the Court sees no evidence that any of those procedures were followed. There is nothing in the state court file indicating a "judgment" was ever entered against Douglas.

Analysis

Debts for money obtained by fraud, false pretenses, or false representations are excepted from discharge by 11 U.S.C. § 523(a)(2)(A). To prevail on a complaint brought under this subsection, a creditor must prove by a preponderance of the evidence that the debtor made a false representation with the intent to deceive the creditor; that the creditor reasonably relied on the misrepresentation, and the misrepresentation caused the creditor to sustain a loss.[6] Intent to deceive may be inferred from the totality of the circumstances.[7] Here, Evans states that she paid Douglas and bought materials for him. It appears that she made these payments over a period of 6 weeks, while Douglas was performing services for her. Douglas refused to return to work for her after she contacted the municipal authorities and determined he had no insurance. The only statement or representation by Douglas that Evans testified to was his statement to her that he had "priced it right" and that "he'd take care of all of it [the work specified]."

Evans argues that the Court can infer Douglas' intent to take her money and not perform services from his failure to complete the work and the fact that Evans needed to hire another contractor to complete the plumbing. Evans also points to alleged difficulty in serving Douglas with the civil petition described above as further evidence of his ill intent. But if Douglas had intended to take Evans money and not perform, why did he do as much work as he did? Evans paid him over time, presumably as work was completed. While he did not finish the job, that standing alone is not enough to convince the Court that he had no intention of finishing the job when he entered into the

---

[6] *See Fowler Brothers v. Young (In re Young),* 91 F.3d 1367, 1373 (10th Cir. 1996); *State ex rel. Nixon v. Audley (In re Audley),* 268 B.R. 279, 282 (Bankr. D. Kan. 2001), *aff'd* 275 B.R. 383 (10th Cir. BAP 2002).

[7] *In re Young, supra* at 1375.

4

agreement.[8]  In short, the Court finds there is no direct or circumstantial evidence of a knowing false statement by Douglas made with the intent to deceive Evans.  Nor on this record can the Court infer from Douglas' failure to finish the job his intent at the outset not to do so.

In short, while the Court does not doubt that the work was incomplete and done poorly, Evans has not met the burden of proof that Douglas defrauded her or made a misrepresentation to her.  Moreover, it appears that she received some services and materials.  In the absence of persuasive evidence of fraudulent conduct, the Court cannot premise excepting a debt from discharge on what appears to be a contract or warranty claim.

JUDGMENT should be entered FOR DEFENDANT David Douglas on the complaint; the plaintiff is to bear her costs.  A Judgment on Decision will issue this day.  This decision may be reported electronically on the Westlaw or Lexis online databases, but not published in printed materials.

# # #

---

[8] *See Chevy Chase Bank FSB v. Kukuk (In re Kukuk)*, 225 B.R. 778, 786 (10th Cir. BAP 1998) (If debtor intends to perform at the time he makes a promise, but subsequently fails to perform, the initial representation is not actionable fraud; an intention not to perform under an agreement cannot be established solely by proof of nonperformance.); *Bank One Columbus, N.A. v. Schad (In re Kountry Korner Store)*, 221 B.R. 265, 272 (Bankr. N.D. Okla. 1998) (The mere failure to perform a promise is not fraud, but breach of contract).